272 So.2d 692 (1973)
STATE of Louisiana
v.
Roosevelt McCORMICK.
No. 52552.
Supreme Court of Louisiana.
January 9, 1973.
Rehearing Denied February 19, 1973.
*693 Robert A. Katz, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Roosevelt McCormick, was tried by a jury and convicted of the crime of attempted aggravated rape, and sentenced to serve five years at the Louisiana State Penitentiary. La.R.S. 14:27 and 42. On this appeal, he submits six bills of exceptions to obtain a reversal of his conviction and sentence.
Bills of exceptions Nos. 1, 5 and 6 were submitted by defense counsel without argument in his brief. We have nevertheless considered them and found them to be without substance.
Bills of exceptions Nos. 2, 3 and 4 all are concerned with whether error was committed by the admission into evidence, over objection, of state exhibits S-3, S-4 and S-5, letters alleged to have been written by the defendant to the complaining witnesses. Mrs. Mildred McCormick, the defendant's wife, testified that the letters were in fact, in the defendant's handwriting.
La.R.S. 15:460 states:
"Any document, other than an authentic act, may be proved by any one who saw it written, or by a comparison of hands, or by any one who, from his knowledge of the handwriting of the person alleged to have written the document can testify that the document produced is in the handwriting of said person."
In his brief, defense counsel concedes the validity and applicability of this statute but contends further that the foundation for introducing the written confessions or inculpatory statements, evidenced by the letters, should have been affirmatively shown that they were made free and voluntary pursuant to La.R.S. 15:451.
However, the record is clear that the extent of the defendant's exceptions goes only to whether or not the court erred in permitting the defendant's wife to identify the handwriting in the letter, when the court had not accepted her as an expert in handwriting. (R-128).
Consequently, the issue regarding the circumstances under which the letters may have been written is not properly before this Court on appeal, where it is brought up for the first time. State v. Evans, 249 La. 861, 192 So.2d 103 (1966). For instance, in State v. Clark, 228 La. 899, 84 So.2d 452 (1955), relied upon by defendants, the accused there objected to the admission of the inculpatory statements because the proper foundation had not been laid (i. e., that they had been voluntarily made). Here, no objection was made to admissibility of the letters on such ground, and accordingly such objection was waived. La.C.Cr.P. Art. 841.
These bills are without merit.
For these reasons, the conviction and sentence are affirmed.