283 So.2d 245 (1973)
STATE of Louisiana, Plaintiff-Respondent,
v.
Daniel L. WELLS, Defendant-Relator.
No. 53395.
Supreme Court of Louisiana.
September 24, 1973.
Murphy W. Bell, Director, Baton Rouge, Warren J. Hebert, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., M. Stephen Roberts, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
Relator, Daniel L. Wells, was charged in a bill of information with unlawfully violating "L.R.S. 14:59(7) in that he intentionally committed an act in such a manner as to annoy and be offensive to others." He was convicted and sentenced to 3 days in the East Baton Rouge Parish Prison. After sentencing relator filed a motion in arrest of judgment challenging the constitutionality of the statute. The motion was denied by the trial court. Execution of the sentence was deferred pending application for writs, which were applied for on the ground that R.S. 14:59(7) was unconstitutional. On April 19, 1973 the application was granted, 275 So.2d 865 (La.1973) over the objection that the motion in arrest of judgment was not timely filed.
We find it unnecessary to consider the constitutionality of the statute because we note, ex proprio motu, a defect in the bill of information which requires that the conviction and sentence be annulled and set aside.[1]
The Bill of Information sets forth only conclusions of law and contains no basic facts constituting the offense. The crime of criminal mischief is not one enumerated in Article 465 of the Code of Criminal Procedure which lists those crimes which may be charged by the short form. Hence a long form bill must be employed.
The bill of information fails to set out a plain, concise and definite statement of the *246 essential facts constituting criminal mischief. Simply charging violation of the statute fails to comply with the requirements for the long form bill of information. See La.C.Cr.P. Art. 464.
For the reasons assigned the conviction and sentence are annulled and set aside, and the defendant is ordered discharged.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
I concur, but am of the opinion that R.S. 14:59(7) is constitutionally defective, infringing upon First Amendment rights, which should be of primary concern to this court.
NOTES
[1] See State v. Raby, 259 La. 909, 253 So.2d 370 (1971) where this Court ruled that it may notice error patent on the face of the record even though no objection has been raised below. A defective bill of information is such an error.