334 So.2d 687 (1976)
STATE of Louisiana
v.
Roosevelt RANDOLPH.
No. 57422.
Supreme Court of Louisiana.
June 21, 1976.
*688 George Spencer, Tallulah, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles R. Brackin, Lake Providence, Thomas W. Bishop, Asst. Dist. Atty., for plaintiffappellee.
*689 DENNIS, Justice.
Defendant was charged by bill of information with perjury, a violation of La.R.S. 14:123, and convicted by a jury. A sentence of eighteen months was imposed and suspended, and he was placed on active probation conditioned on his serving 60 days on the parish prison farm. On appeal, he relies upon five assignments of error for reversal of his conviction and sentence.
At the outset, we are obliged to consider the sufficiency of the bill of information which is not in the proper form. La.C.Cr.P. art. 920(2). It charges that defendant did "commit perjury by giving a false statement in open Court during a preliminary examination . . . contrary to . . . R.S. 14:123." In addition to these allegations, the short form requires that the indictment set forth the false testimony with particularity. La.C.Cr.P. art. 465(36). Thus, the bill of information omits one of the necessary averments of the specific indictment forms; and neither does it track the language of the statute. In the past, the failure to state all the essential facts would have constituted an error patent on the face of the record, obliging this Court to reverse and dismiss the prosecution. See State v. James, 305 So.2d 514 (La.1974).
However, under the recent case law such a defect is not automatically fatal. This Court previously held the indictment to strict requirements and judged it with a hyper-technical eye in order to safeguard the accused's constitutional right to "be informed of the nature and cause of the accusation against him." Art. I, § 13, La.Const. of 1974; Art. 1, § 10, La.Const. of 1921. But as we said in State v. James, supra, the defendant's right to learn before the trial of the particulars of the offense for which he is to be tried can be adequately protected by the bill of particulars and other discovery devices. The constitutional provision should not be restricted to meaning that the defendant must be informed by indictment of the nature and cause of the accusation against him. See Justice Tate's concurring opinion in State v. Clark, 288 So.2d 612 (La.1974). We therefore concluded in State v. James, 305 So.2d 514, at pp. 516-517, that:
"* * * [W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution."
As in the James case, the issue of this indictment's validity was raised for the first time at the appellate level when this Court in its sua sponte inspection of the pleadings and proceedings noticed the defect. Defendant has not complained that he was prejudiced by surprise or lack of notice. The precise content of the testimony alleged to have been perjured could have been easily discovered through the bill of particulars, although the record does not reveal whether defendant availed himself of this discovery device. Accordingly, we find that the deficiency in the bill of information did not constitute reversible error patent on the face of the record.

ASSIGNMENT OF ERROR NO. 1
This assignment of error was abandoned by defendant's failure to discuss it either in his brief or in oral argument before this Court.

ASSIGNMENT OF ERROR NO. 2
Defendant complains that the district attorney violated La.C.Cr.P. art.
*690 767 by adverting in his opening statement to an inculpatory statement made by defendant. Because any mention of a confession to the jury has some prejudicial effect, Article 767 prohibits any reference to a confession before a jury until it is actually introduced. Official Revision Comment (c), La.C.Cr.P. art. 769.
Prior to trial, the State gave defense counsel notice that it intended to introduce into evidence the transcript of the preliminary hearing at which defendant had perjured himself as an inculpatory statement. Then, in his opening remarks to the jury, the district attorney named the transcript of the preliminary examination as part of the evidence by which he planned to prove his case:
"* * * We will then have the Clerk of Court sworn as a witness to testify that the transcript of testimony taken in a preliminary examination on February 28, 1974 is a true and correct copy, and then we will have him read the pertinent portion of that transcript. * * *"
At defense counsel's request, the jury was removed from the courtroom, and counsel argued that the State had made a prohibited reference to an inculpatory statement. The court found that the transcript was not in the nature of an inculpatory statement or confession, and ruled that reference to it was permissible. However, the district attorney made no further mention of the transcript in his opening statement.
Both the State and defense counsel have demonstrated some confusion as to the nature of an "inculpatory statement." We find that the transcript of the preliminary examination contains material statements under oath which the State alleged were falsely and intentionally made by the defendant but no admissions by defendant, direct or indirect, that the statements were perjured. The transcript, then, although supplying evidence of the crime itself, does not include any self-incriminating statements by defendant. The State relied instead on evidence extrinsic of the preliminary examination to prove that defendant's statements therein constituted perjured testimony.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant complains of the trial court's acceptance of a State witness as an expert in the analysis of marijuana.
The witness was employed as a criminalist by the North Delta Crime Lab in West Monroe. After earning a degree in medical technology at Northeast Louisiana University, she worked in a hospital chemical laboratory for two years, then received special training in the identification of controlled dangerous substances. She had worked as a criminalist for over a year, during which time she had run approximately two thousand tests on marijuana. The trial judge correctly concluded that this witness was qualified to testify on this question. La.R.S. 15:466.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 4
At the trial, a sheriff's deputy testified that in his presence defendant's codefendant had been given forty dollars by the sheriff to purchase marijuana and "acid" from a suspected dealer. In connection with this testimony, the State offered into evidence an expense voucher signed by the co-defendant which indicated that a forty dollar check had been issued to him for this purpose. Defense counsel objected on the ground that the voucher was not "the best evidence of whether this was for the purchasing of anything" and also complained that a proper foundation had not been laid. The court allowed the introduction of the voucher for the limited purpose of showing what was intended to be done with the check, and it cautioned the jury that this was not proof that the money was *691 actually put to such use. Defendant assigns this ruling as error.
The only foundation laid for the introduction of the voucher was the deputy sheriff's testimony that he recognized it as that which was signed by the co-defendant in his presence. However, the identification of demonstrative evidence may be visual, State v. Dotson, 260 La. 471, 256 So.2d 594 (1972), and connexity is ultimately a matter for the jury to decide so long as the evidence is shown to have some relevance which the trial judge considers sufficient to warrant its introduction, State v. Warren, 271 So.2d 527 (La. 1973); State v. Jackson, 309 So.2d 318 (La.1975). The trial judge was correct in limiting the purpose for which this evidence might be offered, and in finding it relevant to this issue. La.R.S. 15:442.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant and his co-defendant, Jimmy McDonald, had been the State's chief witnesses in the prosecution of two suspected marijuana dealers. As a result of their false testimony at the preliminary examination the State was unable to establish probable cause and the prosecution against those defendants was dismissed. Subsequently, one of the defendants who had been discharged instituted a civil action against the deputy sheriff and Jimmy McDonald on the basis of unlawful prosecution. Defense counsel theorized that this suit had prompted the sheriff to prosecute these defendants, and on cross-examination he questioned the deputy about the civil suit. The State objected to this line of questioning, and defense counsel argued that it was pertinent to show "any possible motive" that the sheriff might have had "in having Jimmy McDonald prosecuted." The court rebuked counsel for suggesting that the power to prosecute might lie with anyone other than a district attorney or that the district attorney's office might initiate a prosecution for any reason other than a genuine belief in the guilt of the defendant. The court added that since the witness had already admitted his hostility toward defendants and his belief in their guilt, reference to the civil suit would be irrelevant.
La.R.S. 15:492 provides:
"When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admits such fact, any other witness may be examined to establish the same."
Although the trial judge apparently resented the inference which counsel tried to raise by offering evidence of the civil suit, this was a matter which La.R.S. 15:492 would nevertheless submit to the jury for consideration. However, we fail to see what prejudice could have resulted to defendant Randolph from the court's refusal to admit this evidence, for it had no relevance as to him. The civil suit was brought against his co-defendant, Jimmy McDonald, and the deputy sheriff, and any prejudice which this might have excited in the deputy would logically have been directed toward Jimmy McDonald. As noted above, counsel argued before the trial court that this evidence was relevant to show that the deputy might have an ulterior motive "in having Jimmy McDonald prosecuted." (Emphasis added.) Consequently, insofar as this defendant is concerned, there was no reversible error in excluding the evidence.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the State did not establish the continuity of possession of two bags of marijuana offered into evidence, and that the trial judge erred in admitting this material at trial.
The deputy sheriff testified that each defendant had delivered a package of marijuana to him which he had labelled and *692 placed in a locker in his office. He stated that to the best of his knowledge he had the only key to that locker and he was the only person to handle the evidence. We think this testimony established that it was more probable than not that the evidence was that connected with the case, and therefore it was properly admitted by the trial court. See State v. Dotson, 260 La. 471, 256 So.2d 594, 609 (1972).
This assignment is without merit.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
SUMMERS, J., dissents for the reasons assigned.
CALOGERO, J., concurs, having reservations, not as to the merit, but as to the treatment of the bill number 5.
SUMMERS, Justice (dissenting).
The Constitution requires that the indictment inform defendant of the nature and cause of the accusation. La.Const. art. I, § 13 (1974). This mandate cannot be fulfilled by a bill of particulars, or by other means than the indictment.