349 So.2d 300 (1977)
STATE of Louisiana
v.
Fred L. FORD, Jr.
No. 59233.
Supreme Court of Louisiana.
June 20, 1977.
Rehearing Denied September 2, 1977.
*301 James A. Hobbs, Blackwell, Chambliss, Hobbs & Henry, West Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Fred L. Ford, Jr. was indicted by the grand jury for the Parish of Ouachita for the crime of pandering in violation of La.R.S. 14:84. After trial by jury, defendant was found guilty as charged and sentenced to serve four years at hard labor. On appeal, defendant relies on seven assignments of error for reversal of his conviction and sentence.
At the outset, defendant argues that we should recognize as error patent on the face of the record the insufficiency of the grand jury indictment against him.
Defendant was indicted for the crime of pandering in violation of La.R.S. 14:84, which provides as follows:
Pandering is the intentional:
(1) Enticing, placing, persuading, encouraging, or causing the entrance, of any female into the practice of prostitution, either by force, threats, promises, or by any other device or scheme; or
(2) Maintaining a place where prostitution is habitually practiced; or
(3) Detaining any female in any place of prostitution by force, threats, promises, or by any other device or scheme; or

*302 (4) Receiving or accepting by a male, as support or maintenance, anything of value which is known to be from the earnings of any female engaged in prostitution; or
(5) Consenting, on the part of any parent or tutor of any female, to the female's entrance or detention in the practice of prostitution; or
(6) Transporting any female from one place to another for the purpose of promoting the practice of prostitution.
Whoever commits the crime of pandering shall be imprisoned, with or without hard labor, for not more than five years.
The grand jury indictment essentially tracked the language of the statute by charging that defendant did:
unlawfully, and intentionally entice, place, persuade, encourage and cause the entrance of a female into the practice of prostitution, by force, threats, promises and by other device and scheme; maintain a place where prostitution was habitually practiced; detain a female in a place of prostitution by force, threats, promises and by other device and scheme; receive and accept, as support and maintenance, anything of value which was known to be from the earnings of a female engaged in prostitution, and transport a female from one place to another for the purpose of promoting the practice of prostitution, in violation of R.S. 14:84;
Only clause (5) of the statute concerning consent "on the part of any parent or tutor of any female to the female's entrance or detention in the practice of prostitution" was not charged in the indictment. Defendant relies on our decisions in State v. Spina, 261 La. 397, 259 So.2d 891 (1972) and State v. Varnado, 208 La. 319, 23 So.2d 106 (1945) for the proposition that, when a statute "characterizes the offense in general or generic terms, an indictment or information charging the offense in the words of the statute is insufficient and the specific facts upon which the charge is based must be set out." More recently, however, in State v. James, 305 So.2d 514 (La.1974), we held that "where in fact an accused has been fairly informed if the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution." (Emphasis added.) Moreover, we recognized in State v. Randolph, 334 So.2d 687 (La.1976) that an accused's constitutional right to "be informed of the nature and cause of the accusation against him" [1] should not be restricted to meaning that the defendant must be informed by indictment of the nature and cause of the accusation against him. The defendant's right to learn before trial of the particulars of the offense for which he is tried can be adequately protected by the bill of particulars and other discovery devices. State v. Randolph, supra; State v. James, supra.
In the instant case, the indictment informed defendant of the nature of the charge against him by charging him with five of the six acts prohibited by law as constituting pandering.[2] It additionally informed him of the period of time over which the offense was allegedly committed, January 1, 1974, through July 20, 1976. By answer to defendant's request for a bill of particulars, he was further informed as to the four women with whom he was allegedly involved in illegal prostitution activities, the place he was charged as maintaining *303 where prostitution was habitually practiced, the parish within which he allegedly transported females for the purpose of promoting the practice of prostitution and the alleged receipt by him of money known to be from the earnings of females engaged in prostitution. By supplemental answer, defendant was informed more specifically as to the period of time the offense was committed as it pertained to each of the individual women involved. As in James and Randolph, defendant did not question the sufficiency of the indictment prior to verdict.
We are satisfied that the indictment considered together with the information provided in the bill of particulars was sufficient to fairly inform defendant of the charge against him, to adequately guard against surprise or lack of notice and to protect against further prosecution for the same offense. Accordingly, we find no reversible error patent on the face of the record relative to defendant's indictment.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in failing to require the state to answer certain questions propounded in his motion for a bill of particulars. Essentially, he complains that he was not adequately informed as to the particular acts he allegedly committed in violation of La.R.S. 14:84.
It is well settled that the function of a bill of particulars is to inform a defendant more specifically of the nature and cause of the charge against him. La. Code Crim. P. art. 484; State v. O'Blanc, 346 So.2d 686 (La.1977); State v. Jones, 332 So.2d 466 (La.1976); State v. Monk, 315 So.2d 727 (La.1975). However, a defendant is not entitled in a bill of particulars to discover the details of the evidence with which the state expects to prove its case. State v. Knight, 323 So.2d 765 (La.1975); State v. Vince, 305 So.2d 916 (La.1974).
While we have recognized that an accentuated need exists for the state to furnish particulars where a crime charged may be committed in a number of different ways and when a crime involves not a single occurrence but a series of occurrences, there is no exact formula which can be applied to determine in a particular case whether a defendant has all of the information to which he is entitled. State v. Miller, 319 So.2d 339 (La.1975). Moreover, the granting or refusing of a bill of particulars is subject to the discretion of the trial judge and his ruling will not be disturbed absent a clear abuse of discretion. State v. Alexander, 334 So.2d 388 (La.1976); State v. Nelson, 306 So.2d 745 (La.1975); State v. Vince, supra.
In the instant case, defendant's request for a bill of particulars contained twenty-one highly specific inquiries designed to determine exactly what evidence the state would produce to substantiate defendant's performance of each individual type of prohibited conduct listed in the statute, i. e., enticing, placing, persuading, encouraging, causing, detaining by force, detaining by threats, detaining by promises, etc. As the trial judge noted in his per curiam to this assignment of error, defendant's requests would have required the state not only to disclose specific evidence but to interpret the evidence so as to indicate whether it pertained to proof of "enticing" or "persuading," or "encouraging," etc.
By answer and supplemental answer to defendant's request for particulars, the state provided information as to the particular females involved in the illicit activity, the general time period over which each female practiced prostitution, what he received as benefits from their activities, the principal place maintained where prostitution was practiced, the names of the females he was charged with transporting for prostitution purposes and the parish within which he allegedly transported them. Considering the nature of the offense charged in the instant case, we are satisfied that the state's responses to defendant's request for particulars adequately informed him of the nature and cause of the charges against him. Accordingly, the trial judge did not err in ruling the state's answers to defendant's motion for a bill of particulars sufficient in law.
*304 Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, 4 AND 5
Defendant contends the trial judge erred in improperly restricting his voir dire examination of four prospective jurors. He argues that he should have been permitted to ask each of the four jurors whether, if some close friend or relative was on trial for an offense, he would be satisfied to have them judged by jurors having the same frame of mind as himself.
La. Code Crim. P. art. 786 provides in pertinent part:
The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court.
We have recognized that the purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competency and impartiality. State v. Nero, 319 So.2d 303 (La.1975). It is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Sheppard, 263 La. 379, 268 So.2d 590 (1972). The scope of voir dire examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Clark, 325 So.2d 802 (La.1976). In order to determine whether a trial judge has in fact afforded a sufficiently wide latitude to the defendant in examining prospective jurors, a review of the trial judge's discretionary rulings should be undertaken only on the record of the voir dire examination as a whole. State v. Roach, 338 So.2d 621 (La.1976); State v. Monroe, 329 So.2d 193 (La.1976).
The record in the instant case reflects that defendant was afforded wide latitude in voir dire examination as to the presumption of innocence, the burden of proof and the jurors' attitudes toward the type of offense involved and evidence of an offensive nature which might be presented at trial. We are satisfied that defendant was not unreasonably restricted in obtaining information sufficient to intelligently exercise his right to challenge prospective jurors either for cause or peremptorily. Accordingly, we find no reversible error in the trial judge's decision to disallow the questions at issue herein.
Assignments of Error Nos. 2, 3, 4 and 5 are without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in refusing to allow his motion for a bill of particulars and the answers thereto read to the jury along with the grand jury indictment. Defendant argues that he was entitled to have this information placed before the jury inasmuch as the bill of particulars
furnished by the state operates to limit the scope of its proof at trial.
While the state is limited in its proof at trial by the facts recited in its bill of particulars, State v. Gibson, 322 So.2d 143 (La.1975), State v. Mann, 250 La. 1086, 202 So.2d 259 (1967), the bill of particulars forms no part of the indictment and need not be read to the jury along with the indictment. State v. Bickham, 239 La. 1094, 121 So.2d 207 (1960). Accordingly, the trial judge did not err in refusing to permit defendant's motion for a bill of particulars and the state's answers thereto to be read to the jury together with the indictment.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in admitting into evidence a tape recording of a transaction wherein defendant allegedly received money as his share of the earnings of a female engaged in prostitution. The recording was made through use of a sound transmitter concealed on the person of a woman working with the police to uncover evidence of defendant's suspected illegal activities.
*305 At trial, defendant objected to the introduction of the tape recording on the ground that it contained an inculpatory statement as to which the state had failed to give written notice prior to its opening statement as required by La. Code Crim. P. art. 768. He additionally argued at trial that the tape recording was not the best evidence of what was said during the transaction. However, in this court, defendant has abandoned the grounds for his objection urged before the trial judge. Instead, he argues that, since the recording was so distorted that only the state's witnesses could be understood, the evidence lacked probative value and operated only to give undue credence to the verbal testimony of the witnesses.
Article 841 of the Louisiana Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless the defendant has made known to the court his objection and the grounds therefor. It is well settled that a new basis for an objection cannot be raised for the first time on appeal. State v. Marks, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976); State v. Forbes, 310 So.2d 569 (La.1975); State v. McCormick, 272 So.2d 692 (La.1973); State v. Evans, 249 La. 861, 192 So.2d 103 (1966). Since defendant did not urge the recording's prejudicial effect and lack of probative value at trial, the issue is not properly before us for review.
Assignment of Error No. 7 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] La. Const. art. 1, § 13 (1974).
[2] We are not faced here with a case wherein an offense may be committed in a number of different ways and the state refuses to specify which type of conduct it proposes to prove in order to demonstrate defendant's violation of the applicable statute. Compare State v. Russell, 292 So.2d 681 (La.1974) and State v. Mann, 250 La. 1086, 202 So.2d 259 (1967). In this case, the grand jury charged defendant with five different types of prohibited conduct and the state offered some evidence to substantiate each of the charges listed in the indictment.