355 So.2d 1302 (1978)
STATE of Louisiana
v.
Peter J. PICHLER.
No. 60791.
Supreme Court of Louisiana.
March 6, 1978.
*1303 A. J. Boudreaux, Staff Appeals Atty., 24th Judicial Dist., Indigent Defender Bd., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director and Asst. Dist. Atty., Roy F. Blondeau, Jr., Asst. Dist. Atty., Research and Appeals Div., for plaintiff-appellee.
CALOGERO, Justice.
Peter J. Pichler, Kerry R. King and Timothy L. Lehmann were charged in the same bill of information with the crime of "simple burglary of a pharmacy located at 246 Metairie Road, Metairie, Louisiana belonging to Metairie Pharmacy, owned by Joseph Tobin" in violation of La.R.S. 14:62.1. Pichler and King were jointly tried by a jury and found guilty as charged. Defendant Pichler was sentenced to nine years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appealed his conviction relying upon six assignments of error presented in three arguments for reversal of his conviction and sentence.
The appeals of this defendant Pichler and his trial co-defendant King were docketed separately in this Court, briefed separately by their respective counsel, argued and reviewed separately. The conviction and sentence of Kerry King has this day been affirmed in an opinion rendered in State v. King, 355 So.2d 1305 (La.1978) Nos. 60,732 and 60,733. The facts concerning this burglary and this defendant's participation therein are set forth in that case and will not be repeated here.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
Defendant contends the trial judge erred in permitting the state to introduce in evidence a pillow case, several bottles of prescription drugs and a wallet. He argues that these items were not properly identified, either visually or by chain of custody, as being related to the case. These identical assignments were taken by trial co-defendant Kerry King and argued in that appeal. In fact in brief in this case Pichler's attorney quotes in full the objection made at trial by King's attorney in which he joined and relies upon the identical basis with objection and argument in this case as did King in the latter's appeal.
We treated the issue fully in assignment of error number five in State v. King, 355 So.2d 1305 at 1309 and adopt that treatment herein by reference.
The assignments are without merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment defendant contends that the trial court erred in denying his motion to quash the bill of information. In that motion defendant contends that the bill of information was defective in that it failed to apprise him of the charge against him as required by Code of Criminal Procedure Article 464 and Article 1, section 13 of the Louisiana Constitution of 1974. The defect alleged by defendant in the bill was its failure to state that the defendant entered the premises "with the intent to commit the theft of any drug which is defined as a controlled dangerous substance in R.S. 40:461(7) [40:961(7)] . . . ."
The state initially contends that defendant is precluded from making such a contention because he purportedly expressed that the state's responses to certain preliminary motions satisfied his concerns about *1304 the sufficiency of the bill of information. What defense counsel was referring to when he stated he was satisfied is not entirely clear although arguably he may have been referring to the sufficiency of the bill of information. In any event defendant's attorney did stipulate at trial that he had been given complete access to the state's file, and we consider this fact significant in resolving whether or not defendant was prejudiced in preparation of his defense by an insufficient recitation of the essential facts constituting the offense charged.
Article 464 of the Code of Criminal Procedure provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
In State v. Randolph, 334 So.2d 687, 689 (La.1976) this Court made the following analysis of the elements necessary to establish the sufficiency of an indictment:
This Court previously held the indictment to strict requirements and judged it with a hypertechnical eye in order to safeguard the accused's constitutional right to "be informed of the nature and cause of the accusation against him." Art. I, § 13, La.Const. of 1974; Art. 1, § 10, La.Const. of 1921. But as we said in State v. James, supra, the defendant's right to learn before the trial of the particulars of the offense for which he is to be tried can be adequately protected by the bill of particulars and other discovery devices. The constitutional provision should not be restricted to meaning that the defendant must be informed by indictment of the nature and cause of the accusation against him. See Justice Tate's concurring opinion in State v. Clark, 288 So.2d 612 (La.1974). We therefore concluded in State v. James, 305 So.2d 514, at pp. 516-517, that:
"* * * [W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution."
The bill of information filed in the present case charged defendant with having "violated R.S. 14:62.1 by committing a simple burglary of the pharmacy located at 246 Metairie Rd., Metairie, LA, belonging to Metairie Pharmacy, owned by Joseph Tobin." Unlike the defendants in Randolph and James, supra, defendant objected prior to verdict by moving to quash the bill of information. He thus preserved his procedural right to assign error to the trial court's ruling.[1] Nonetheless we are not persuaded that there is merit in defendant's contention.
Defendant was charged with simple burglary of a described pharmacy and told that in doing so he had violated R.S. 14:62.1, a statute which in defining simple burglary of a pharmacy relates in effect that it is with intent to steal controlled dangerous substances. Were the particulars of the offense obscure he had available motion for bill of particulars. In fact he was given full access to the district attorney's file and expressed satisfaction with at least this cooperative disclosure, if not with the sufficiency of the bill of information.
While defendant here did not, as in James, neglect to raise his objection he was, as in James, fairly informed of the charges against him, was not prejudiced by surprise *1305 or lack of notice, and is protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 6 AND 7
At trial defendant did not file a motion for a directed verdict, perhaps for the quite valid reason that Article 778 had been amended prior to trial to provide that directed verdicts are no longer available in cases tried by jury. He did make a motion for a new trial based upon a contention that some of the jurors were asleep during the trial and closing arguments. The issue of lack of evidence was not raised in the lower court by this defendant either at trial or in post-trial motion for a new trial.
In this Court in brief the defendant in his assignment of error contends that the trial judge erred in denying his new trial motion purportedly founded upon a contention that the prosecution had not proven each element of the crime allegedly committed by the defendant in violation of R.S. 14:62.1. He has not assigned as error nor argued in brief the substance of that which was in fact the basis of his motion for new trial, namely the sleeping jurors.
Because the argument presented in the assignment of error and in brief is not in support of any issue preserved at trial or post trial and because the substance of the motion for a new trial which was in fact filed in the lower court has not been presented in assignment of error or in brief, there is nothing before this Court to review.
Nonetheless we find upon review of the contentions that they are without merit.
For the foregoing reasons the conviction and sentence of defendant are affirmed.

Decree
Conviction and sentence affirmed.
NOTES
[1] This is presuming, as we did earlier herein, that he did not waive the asserted deficiency by expressing satisfaction with the bill of information.