376 So.2d 1240 (1979)
STATE of Louisiana
v.
Ernest B. GAINEY
No. 64121.
Supreme Court of Louisiana.
November 1, 1979.
*1241 Robert J. Stamps, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, James D. Maxwell, Asst. Dist. Attys., for plaintiff-respondent.
DIXON, Justice.
The defendant was charged by bill of information with making obscene telephone calls in violation of R.S. 14:285. He filed a pretrial motion to quash the bill on the grounds that it is not in the long form provided for bills of information and it does not particularize any subsection of R.S. 14:285. The defendant also claims that the penalty provided by the statute is unconstitutional. The trial court denied the motion and this court granted a writ to review that action.
The defendant is correct in his assertion that the sufficiency of the bill in this case must be determined under the rules pertaining to long form indictments, since making obscene telephone calls is not a crime listed in C.Cr.P. 465 which provides for specific short form indictments charging certain enumerated crimes. The question presented is whether the bill charging the defendant meets the constitutional and statutory requirements for a long form indictment.
Article 1, § 13, La.Const.1974, provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him. That provision and its predecessor in the Constitution of 1921 have been consistently interpreted to require that an indictment or information contain the essential facts of the offense charged. State v. Clark, 288 So.2d 612 (La.1974); State v. Straughan, 229 La. 1036, 87 So.2d 523 (1956). That requirement is embodied in C.Cr.P. 464 pertaining to long form indictments:
"The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."
This court has sometimes been strict in requiring, where a long form indictment is involved, that the indictment itself set forth the essential facts of the offense (see State v. Butler, 259 La. 560, 250 So.2d 740 (1971)), and has sometimes silently relaxed the "essential facts" requirement. State v. Meunier, 354 So.2d 535 (La.1978); State v. Clark, supra.
In this case the bill of information charged that defendant "violated R.S. 14:285 in that he did engage in and institute a telephone call of an anonymous nature and therein used obscene, profane, vulgar, lewd, lascivious and indecent language and made a suggestion and proposal of an obscene nature, . . ."
The statute violated provides:
"A. No person shall:
(1) Engage in or institute a telephone call, telephone conversation, or telephone conference, with another person, anonymously *1242 or otherwise, and therein use obscene, profane, vulgar, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass another person." R.S. 14:285A(1).
The bill of information uses some of the language of R.S. 14:285. There is no mention of any specific conduct of the defendant. The general rule in Louisiana has been that an indictment is valid if it tracks the language of the statute; however, when the statute characterizes the offense in general or generic terms, the specific facts upon which the charge is based must be set out. State v. Wells, 283 So.2d 245 (La.1973); State v. Spina, 261 La. 397, 259 So.2d 891 (1972); State v. Blanchard, 226 La. 1082, 78 So.2d 181 (1955); State v. Varnado, 208 La. 319, 23 So.2d 106 (1945). See the Reporter's Comment to C.Cr.P. 464. In Spina the defendant was charged by bill of information with having "intentionally failed to perform his duties as lawfully required of him" as a police officer. That language essentially tracks the provisions of R.S. 14:134 proscribing malfeasance in office. The bill of information was held to be couched in such broad terms as to fail to inform the defendant of the nature and cause of the accusation against him. In Wells a bill of information charged the defendant with having "`intentionally committed an act in such a manner as to annoy and be offensive to others'," and thereby violating R.S. 14:59(7). That charge was held to merely state a conclusion of law and not the essential facts of the offense as required by C.Cr.P. 464.
In State v. Meunier, supra, we summarized the reasons for requiring that an indictment set forth the nature and cause of the offense by specific information. We said that the bill of indictment or information must contain all the essential elements of the crime in sufficient particularity to enable the defendant to prepare for trial, to allow the trial judge to admit proper evidence and impose correct punishment, and to afford the defendant protection from subsequent prosecution for the same offense. The bald assertion that the defendant made telephone calls containing obscene, profane, vulgar, lewd, lascivious and indecent language, and made an obscene suggestion or proposal, without reference to the recipient or what was said, does little to advance any of those purposes. The bill of information before us fails to set forth a plain, concise and definite statement of the essential facts constituting the offense charged so as to inform the defendant of the nature and cause of the accusation against him. Art. 1, § 13, La.Const.1974; C.Cr.P. 464.
Under the existing jurisprudence of this court that failure of the bill of information would render it fatally defective. State v. Wells, supra; State v. Spina, supra; State v. Raby, 259 La. 909, 253 So.2d 370 (1971); State v. Butler, supra. An examination of the constitutional rights of the defendant to be informed of an accusation, and of the jurisprudence of this court in that area, however, leads us to conclude that this bill of information should not be quashed.
The important case of State v. Straughan, supra, held that in order to protect the constitutional right to be informed of the nature and cause of the accusation, an indictment must contain the essential facts of the charge, and that the failure of the indictment to do so could not be corrected by the inclusion of those facts in answers to a motion for bill of particulars. The ruling of Straughan, however, has been considerably eroded in the jurisprudence of this court, and the Straughan case itself has been overruled, at least in part. State v. Russell, 292 So.2d 681 (La.1974).
It is now clear that the constitutional provision that a defendant be informed of the nature and cause of the accusation is not to be restricted to mean that he must be so informed by indictment. State v. Pichler, 355 So.2d 1302 (La.1978); State v. Ford, 349 So.2d 300 (La.1977); State v. Randolph, 334 So.2d 687 (La.1976). See also the concurrence of Justice Tate to State v. Clark, 288 So.2d 612 (La.1974). This court has long held that a short form indictment *1243 is not subject to attack on the grounds that it does not adequately inform the defendant of the crime charged, because the state is required, on request for a bill of particulars, to inform the defendant of the essential facts of the offense charged. State v. Durr, 371 So.2d 790 (La.1979); State v. Russell, supra; State v. Clark, supra; State v. Barnes, 242 La. 102, 134 So.2d 890 (1961). We have relied on that jurisprudence to hold that deviations from the mandatory short forms of indictment provided by C.Cr.P. 465 would not render the information fatally defective, at least after a verdict was rendered, in light of the defendant's right to obtain the facts omitted by requesting a bill of particulars. State v. Clark, supra. In State v. James, 305 So.2d 514, 516 (La.1974), we held:
". . . where in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution."
That holding has been followed in cases involving offenses chargeable by long form indictment as well as in instances where use of the short form is permitted. State v. Ford, supra; State v. Randolph, supra. In State v. Pichler, supra, we applied the rationale of James where the defendant raised the defect of the bill of information in a pretrial motion to quash. We noted that any obscurity as to the offense charged could have been removed by a motion for a bill of particulars.
On the other hand, when the short form indictment is not used, this court has traditionally held that, to be valid, the long form indictment must contain the essential facts of the offense charged, without aid or supplementation from a bill of particulars. To say there is a constitutional requirement for that rule ignores this court's consistent approval of the short form. The principle that a bill of indictment cannot be fleshed out by a bill of particulars, adopted in the Straughan case and carried forward in recent jurisprudence, was based on that now discarded constitutional interpretation, and on an interpretation of the prior jurisprudence that we now find to be erroneous.
In State v. Bienvenu, 207 La. 859, 865, 22 So.2d 196, 198 (1945), we held that a bill of particulars "can never take a criminal prosecution out of the statute on which the indictment or information is based" and place it under some other statute. That case was later misconstrued to say that a bill of indictment could never be supplemented by a bill of particulars. State v. Spina, supra; State v. Straughan, supra (see the dissent of Justice McCaleb); State v. Varnado, supra (see the dissent of Justice Hawthorne). The principal reason for those holdings, however, was the perceived constitutional requirement that the indictment itself must inform the defendant of the essential facts constituting the offense. Now that the error of that constitutional perception is recognized, there is no reason to continue to refuse to allow the supplementation of an indictment by a bill of particulars. We therefore hold that although the bill of information charging the defendant fails to set forth the essential facts of the offense charged, his proper remedy is not a motion to quash, but a request for a bill of particulars. The cases of State v. Spina and State v. Straughan, supra, holding that a bill of indictment could not be supplemented so as to set forth (in a bill of particulars) the essential facts of the offense, are hereby overruled.
We do not say that the indictment itself need not contain certain important information as to the offense charged. Article 1, § 15 of the Louisiana Constitution provides that prosecution of a felony shall be initiated by indictment or information. C.Cr.P. 382 provides that institution of prosecution for criminal offenses shall be by indictment, information or affidavit. An *1244 indictment or information must set forth an identifiable offense against the laws of this state, and inform the defendant of the statutory basis of the offense. The case of State v. Bienvenu, supra, is correct in holding that a bill of particulars cannot "take a criminal prosecution out of the statute" alleged to be violated by the indictment or information initiating the prosecution. We now hold, however, that the indictment itself need not set out the detailed facts constituting the violation, since those facts can be given to the defendant by answers to a bill of particulars. If the indictment sufficiently identifies the conduct charged and the statute violated, a motion to quash will not be sustained.
Turning to the defendant's argument that the penalty provided by R.S. 14:285 C is unconstitutionally excessive, we find it to be without merit. The defendant apparently believes that any crime classified as a misdemeanor cannot have a penalty exceeding six months. The defendant cites C.Cr.P. 779 which states that a defendant charged with a misdemeanor for which the punishment may be imprisonment for more than six months shall be tried by a six man jury. That provision clearly envisions misdemeanors punishable by imprisonment for more than six months. It gives the defendant in the instant case the right to be tried by jury, since the offense with which he is charged has a maximum sentence of two years. It does not give him the right to be sentenced to less than two years.
For the reasons assigned, we affirm the trial court's denial of the defendant's motion to quash, and the case is remanded for further proceedings.
SUMMERS, C. J., concurs.