PRESTON H. HUFFT, Judge Pro Tern.
Defendant, Dell Sexton, was charged by Bill of Information with two counts of simple burglary of inhabited dwellings. Following trial, the jury returned a verdict of guilty on both counts. The trial judge sentenced the defendant to serve 12 years in the custody of the Louisiana Department of Corrections on each count, with the sentences to be served consecutively.
Defendant urges two assignments of error concerning the voir dire examination of a prospective juror: 1) the court erred in curtailing the examination, and 2) the court erred in denying a challenge for cause of the same juror. We find merit to defendant’s contention that he was denied the right to full voir dire examination and reverse the conviction.
The following is the portion of the transcript which gives rise to defendant’s contention of impermissible curtailment of voir dire examination:
BY MR. CRAFT:
Q Ladies and gentlemen, you have heard everything I had to say before?
A (All indicated yes.)
Q Are there any questions or any points that you feel should be brought up now? A (All indicated no.)
Q Ms. Cazalas, you were primarily a criminal prosecutor for a period of eight years; is that correct?
A I did all the criminal appellate work for the Eastern District of Louisiana.
Q If you were called upon to serve as a juror in this case, would you be able to look at this case as a citizen, only based upon your common sense and your general experience without bringing to bear or exposing to the other jurors called to serve in this case, any of the technicalities of law or anything else that you know about, such as rulings, that would be made by the Court.
A Yes, sir.
Q You would be able to do that?
A Yes.
*126 MR. WILLIAMS:
Your Honor, I’m going to have to object to that. I don’t think he can ask for Ms. Cazalas to make that commitment.
THE COURT:
You cannot ask for any prospective juror to commit themselves to a verdict before they heard the evidence. The objection is sustained.
MR. CRAFT:
Your Honor, please note my objection to the Court’s ruling. I reserve my question as directed towards whether or not Ms. Cazalas was—
THE COURT:
Just a moment, don’t make a speech now; I overruled your objection and you have noted an objection for the record. That’s as far as you can go, son. Proceed.
MR. CRAFT:
Because of Ms. Cazalas prior experience, we would move to challenge for cause.
THE COURT:
Denied.
MR. CRAFT:
Note my objection to the Court’s ruling.
THE COURT:
Proceed.
* * * # ⅜ *
The trial judge either did not hear in its entirety the question propounded to Ms. Cazalas or misunderstood it (which is conceded by the State), but it is clear that he did not fully comprehend the nature and purpose of the question. The State objected on the ground that the defendant was asking Ms. Cazalas to make a commitment, and the trial judge, in sustaining the objection, ruled the defendant could not ask prospective jurors to commit themselves to a verdict before they hear the evidence. Defendant objected to the ruling and attempted to point out to the court the true nature and objective of his line of questioning but the trial judge, in the mistaken belief that the questioning was directed toward the eliciting of a commitment for a verdict before the evidence, emphatically prevented the defendant from proceeding any further or even stating the nature of the objection or the grounds therefor. On the basis of the only two questions permitted to be asked of Ms. Cazalas, defendant moved to challenge her for cause because of her prior experience. The trial judge denied the challenge.
Article 1, § 17 of the La. Const, guarantees that: “[t]he accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.” Article 786 of the Code of Criminal Procedure provides:
The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case.
Article 797, Code of Criminal Procedure, provides:
The state or the defendant may challenge a juror for cause on the ground that:
(1) The juror lacks a qualification required by law;
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
*127 (4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.
A good review of the purpose of allowing wide latitude in voir dire examination and of the trial court’s discretion is presented in State v. Jackson, 358 So.2d 1263, 1266 (La.1978):
La. Const, art. 1, § 17 guarantees that “[t]he accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.” La.Code Crim.P. art. 786 further provides that the court, the state, and the defendant shall have the right to examine prospective jurors and the scope of the examination shall be within the discretion of the court. We have recognized that the purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competency and impartiality. State v. Ford, 349 So.2d 300 (La.1977); State v. Nero, 319 So.2d 303 (La.1975). It is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Ford, supra; State v. Sheppard, 263 La. 379, 268 So.2d 590 (1972). The scope of voir dire examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Ford, supra; State v. Clark, 325 So.2d 802 (La.1976). However, although the trial judge is vested with discretion to limit the voir dire examination, he must afford wide latitude to counsel in the conduct of voir dire examination to effectuate the accused’s right to full voir dire of prospective jurors embodied in La. Const, art. 1, § 17. State v. Holmes, 347 So.2d 221 (La.1977); State v. May, 339 So.2d 764 (La.1976). See State v. Monroe, 329 So.2d 193 (La.1976); State v. Brumley, 320 So.3d 129 (La.1975); State v. Crittle, 263 La. 418, 268 So.2d 604 (1972); State v. Hills, 241 La. 345, 129 So.2d 12 (1961). In order to determine whether a trial judge has in fact afforded a sufficiently wide latitude to the defendant in examining prospective jurors, a review of the trial judge’s rulings should be undertaken only on the record of the voir dire examination as a whole. State v. Ford, supra; State v. Roach, 338 So.2d 621 (La.1976); State v. Monroe, supra.
Two questions were clearly not sufficient to explore the impartiality of a prospective juror such as Ms. Cazalas. She had been an Assistant United States Attorney, and although she answered defendant’s question as to her ability to serve as a “citizen” only and not use her prior experience to influence other jurors in the affirmative, the inference of implied bias is so strong under such circumstances that defendant should have been allowed to further explore the possible existence of bias or prejudice.
In light of State v. Monroe, 366 So.2d 1345 (La.1978), the defendant, if given an opportunity for full voir dire examination, could very well have explored the time frame during which Ms. Cazalas served as an Assistant United States Attorney, the nature of her assignment, the time involved in the handling of habeas corpus litigation arising out of convictions in the Criminal District Court, her association or friendship with members of the District Attorney’s staff in the handling of such cases, and numerous other areas which would have a bearing on the existence or non-existence of bias or prejudice. The further examination of Ms. Cazalas would have revealed factual information from which the trial judge in the exercise of his discretion could have made a determination on this issue.
We cannot find fault with the trial court’s denial of the challenge for cause on the basis of the record. The trial judge was under no duty to explore the question of the existence of implied bias or prejudice, but he was under a duty to afford the defendant the necessary latitude to explore such a question under the circumstances of the case. We cannot speculate what Ms. *128 Cazalas’s testimony would have been under a constitutionally guaranteed right of full voir dire examination, but we do know that the voir dire examination allowed in this case falls far short of the. constitutional guarantee. If defense counsel’s question had been heard or understood, it is unlikely the trial judge would have prevented the defendant from presenting a full and complete record from which the court would have been able to make a determination of the existence or non-existence of bias or prejudice.
Under State v. Monroe, supra, in order to obtain a reversal of his conviction, the defendant only has to prove that he was denied his constitutional right of full voir dire examination and such denial resulted in an inadequate record for the consideration of his challenge for cause. He does not have to make an additional showing of injury resulting from the court’s action.
We hold that the curtailment of full voir dire examination violated the right guaranteed to the defendant under Article 1, § 17 of the La. Const. Since this denial affected substantial rights of the defendant, we must reverse and remand for a new trial in accordance with the law.
REVERSED AND REMANDED.
WARD, J., dissents with reasons.