JAMES C. GULOTTA, Judge Pro Tem.
The state appeals the trial court’s ruling quashing indictments against the defendants. We affirm.
Defendants were charged by bill of indictment with violations of LSA-R.S. 33:2846 and 47:1641 (failure to collect, account for or pay city and state taxes), and LSA-R.S. 33:2845 and 47:1642 (failure to file or fraudu *948 lently filing city sales tax returns and state tax returns).
In response to defense motions for a bill of particulars,[1] the state answered that the name of the business required to file the tax returns was Accurate Collision Center, Inc.[2] and that the relationships defendants had with said business which required them to file sales tax returns are: 1) Russell Moran was President and Secretary; 2) Marcel Lashover was Vice President and Treasurer; and 3) John Dejesus was manager, operator and de facto owner of said business. The State asserts that information as to any additional relationships is a matter of proof.
The trial court found that the state’s answer to the bill of particulars was insufficient and quashed all indictments. This appeal followed.
In criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him. LSA-Const. Art. I, § 13. The bill of particulars as provided for in LSA-C.Cr.P. art. 484 is a means by which a defendant is so informed. State v. Gainey, 376 So.2d 1240, 1244 (La.1979); State v. Rogers, 375 So.2d 1304, 1313 (La.1979) (on rehearing); State v. Authement, 532 So.2d 869, 873 (La.App. 1st Cir.1988). While the bill of particulars is not a means for the defendant to obtain the state’s evidence, it should inform the defendant of all the essential facts relied upon to prove the crime charged. State v. Rogers, supra; State v. Authement, supra. Hence, the criminal activity will be defined so as to remove any doubt as to the crime charged, and the accused will know the scope of his criminal activity so as to properly defend himself and eliminate any possibility of ever being charged again with the same criminal conduct. State v. Rogers, supra; State v. Authement, supra.
The action proscribed under LSA-R.S. 33:2846 and 47:1641 is the willful failure to collect, account for or pay certain taxes by “(a)ny person required ” (emphasis ours) to do so. LSA-R.S. 33:2846 and 47:1641. Further, R.S. 33:2845 and 47:1642 prohibit the willful failure to file any return required to be filed and the filing of a false or fraudulent return. LSA-R.S. 33:2845 and 47:1642.
The indictments in this case did not provide any information to show the basis of how these particular defendants are required to collect or file taxes and returns under the cited provisions. The applications for bill of particulars reasonably sought the relationship between Accurate Collision Center, Inc. and defendants which requires defendants to pay taxes and file returns under the cited statutes. The state’s response appears to reflect that defendants are required to exercise this responsibility solely by virtue of their offices and positions with the corporation. However, the state cited no law, and we know of none, supporting the imposition of this responsibility.
We conclude, therefore, that the state’s responses to defendants’ applications for bill of particulars fails to inform defendants of the essential facts relied upon to prove the crime charged and adequately define the scope of the criminal activity. We hold, as did the trial judge, that the responses are insufficient to support the indictments. Accordingly, we affirm the ruling of the trial judge.

AFFIRMED.

. Defendants' motions for bill of particulars requested, in pertinent part:
"1. The name of the business that was required to file the tax returns.
2. The relationship that the defendants had with said business that would require them to file sales tax returns.
3.”

. The State's complete response was "Accurate Collision Center, Inc., and/or Accurate Paint and Body Works, Inc., doing business as Accurate Collision Center, Inc., and/or Accurate Wrecker Service, Inc., doing business as Accurate Collision Center, Inc."