| xPLOTKIN, Judge,
dissenting.
On June 29, 1993, the State filed two bills of information against Mr. Bryant E. Hazard alleging that he had willfully failed to file State and municipal sales tax returns in violation of La.R.S. 47:1642 and 33:2845, and that he had willfully failed to collect, account for, or pay over State and municipal sales taxes in violation of La.R.S. 47:1641 and 33:2846. On January 12,1994, defense counsel sought a bill of particulars to determine the name of the business on whose behalf tax returns were required to be filed and taxes owed, and what relationship his client was alleged to have to this business that would oblige him to file tax returns and to collect, account for or pay over taxes. The District Attorney responded with the name of the of the delinquent corporation and the name under which that corporation did business, but refused to allege Hazard’s relationship to this business, citing the DeJesus decision that was pending before the Louisiana Supreme Court. At a preliminary hearing, Mr. Frank Haab, an investigator for the Orleans Parish District Attorney’s Office, testified that he checked with the Secretary of State to determine that Hazard was the president of the delinquent corporation. At a hearing on the defense’s motion to quash, the defense conceded that Hazard had paid taxes on behalf of Decatur House in the past. At the close of this hearing, the trial judge quashed the indictment on the authority of this Court’s ruling in State v. DeJesus, 630 So.2d 947 (La.App. 4th Cir.1993).
|2In DeJesus, supra, this Court ruled in the context of a similar bill of particulars that the indictments did not sufficiently inform the defendant of the nature and cause of the accusation against him. Id. at 948. The Louisiana Supreme Court reversed this Court, stating:
As clarified by its answers to the defense bill of particulars, the indictments against defendants charge valid offenses under Louisiana law.
State v. DeJesus, 94-0261, p. 8 (La. 9/16/94), 642 So.2d 854, 857.
I respectfully disagree with the majority’s conclusion that State v. DeJesus, 94-0261 (La. 9/16/94), 642 So.2d 854 is not relevant. On appeal, both appellant and appellee agree that DeJesus is dispositive. The State contends that DeJesus stands for the proposition that individual responsibility to pay corporate sales taxes is a fact-intensive inquiry on the merits. Defense counsel replies that Dejesus’s fact-intensive inquiry can only be initiated after the State alleges that the accused is an officer or director of the delinquent corporation. I interpret DeJesus to hold that one’s status as a corporate officer does not automatically hold that individual out as one having direct control, supervision, or responsibility for collecting corporate taxes. However, the question of whether or not the defendant has control, supervision, or responsibility for a corporation’s taxes is a question of fact.
In this case, in light of the indictments, testimony presented at the preliminary and motion to quash hearings, and the bill of particulars, the State provided the defendant with sufficient information to apprise the defendant of the nature of the charges against him. I find no evidence in the record from which I can conclude, as the majority does, that this investigation was conducted in an incompetent manner. Accordingly, I would apply DeJesus, as the latest expression of the Louisiana Supreme Court on this issue, to vacate the judgment of the trial judge that quashed the bill of information and remand for further proceedings.