957 So.2d 891 (2007)
STATE of Louisiana, Appellee
v.
Marlow GREEN, Appellant.
No. 41,977-KA.
Court of Appeal of Louisiana, Second Circuit.
May 16, 2007.
*892 Louisiana Appellate Project by James E. Beal, Jonesboro, for Appellant.
Paul J. Carmouche, District Attorney, Ron C. Stamps, Scott Chafin, Jr., Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and MOORE, JJ.
STEWART, J.
The defendant, Marlow Green, was convicted of aggravated rape. He was sentenced to life imprisonment, plus one day in jail in the event of default on the payment of court costs. His appeal is based on alleged error in the indictment. Finding no reversible error, we affirm his conviction and life sentence, which we amend to delete the additional day of imprisonment.

FACTS
By way of secret indictment filed on January 20, 2005, the defendant was charged with aggravated rape. The indictment reads as follows:
On this the 20th day of January, the Grand Jury of the Parish of Caddo, State of Louisiana, charges that during October and November 2003, inclusive, at and in the Parish, District and State aforesaid,
MARLOW GREEN, b/m, DOB 9-1-85
Committed AGGRAVATED RAPE
In violation of R.S. 14:42(A)(4) in that
He had vaginal intercourse with . . . b/f, DOB 8-13-92, without the lawful consent of the victim because she was under the age of twelve at the time.
CONTRARY TO THE LAWS OF THE STATE OF LOUISIANA and against the peace and dignity of same.
Evidence adduced at trial proved conclusively that the defendant committed the charged offense, and the jury returned a unanimous verdict of guilt. The defendant filed motions for new trial and for post-verdict judgment of acquittal, both of which were denied. The trial court imposed the mandatory life sentence without benefits of probation, parole, or suspension of sentence. It was to run concurrently with any other sentence he was required to serve. The trial court also ordered the defendant to pay court costs within one day and imposed an additional day in jail in default of payment. This appeal followed.

*893 DISCUSSION
Appellate counsel assigns as error deficiency in the indictment due to failure to comply with La. C. Cr. P. art. 462. Counsel asserts that the indictment's failure to state the specific date on which the grand jury met is fatal error. Counsel argues that the absence of the date deprives the defendant of knowledge as to which grand jury panel returned the indictment and prevents him from assessing whether the panel was properly constituted or whether the foreman was properly selected according to law.
The state's response is that the defendant's failure to file a motion to quash the indictment prior to trial waived any objection thereto. Moreover, the state asserts that the filing date on the secret indictment is sufficient to allow the defendant to identify the date on which the grand jury action was taken.
An indictment is required to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." La. C. Cr. P. art. 464. The form of a grand jury indictment is prescribed by La. C. Cr. P. art. 462 as follows:
The indictment by a grand jury may be in substantially the following form:
In the (Here state the name of the court.) on the ___ day of ___, 19___. State of Louisiana v. A.B. (Here state the name or description of the accused.)
The grand jury of the Parish of ____, charges that A.B. (Here state the name or description of the accused.) committed the offense of ____, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the State of Louisiana and against the peace and dignity of the same.
An indictment shall not be invalid or insufficient due to any defect or imperfection in, or omission of any matter of form only. La. C. Cr. P. art. 487(A).
The primary purpose of the dating requirement in La. C. Cr. P. art. 462, according to Official Revision Comment (b), is to establish the date prosecution was initiated in the event there is a time limitation for same. As to this issue, the courts have held that the filing date of the indictment is sufficient to establish when the prosecution was initiated. State v. Davis, 614 So.2d 270 (La.App. 3d Cir.1993), reversed on other grounds, 634 So.2d 1168 (La. 1994), citing State v. Sepulvado, 342 So.2d 630 (La.1977). Logically, the filing date would also be sufficient to inform defense counsel of which grand jury returned the indictment so that he may assess whether its composition or selection provided any basis for quashing the indictment.
The time for testing the sufficiency of an indictment or the validity of the composition or selection of the grand jury is before the trial by way of a motion to quash. State v. Gainey, 376 So.2d 1240 (La.1979); State v. Lee, 340 So.2d 180 (La. 1976). A post-verdict attack on the sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. State v. Gainey, supra.
No motion to quash the grand jury indictment was filed in this matter. The failure to have filed a motion to quash based on the alleged defect in the indictment bars relief on appeal. Nevertheless, the defendant's claim is without merit. The copy of the secret indictment in the record shows that it was formally filed by the grand jury on January 20, 2005, this being the same day of the month which the body of the indictment indicates *894 the grand jury charged the defendant. This information would have sufficed to allow defense counsel to determine under which grand jury term the indictment was handed down. The defendant's assignment of error is without merit.
On error patent review, we find that the trial court erred in ordering the defendant to serve one day in jail in default of payment of court costs. An indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs, or restitution. State v. Mack, 30,832 (La.App.2d Cir.6/24/98), 715 So.2d 126; State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1197 (La. 1992). Indigence may be discerned from the record. State v. Conway, 604 So.2d 205 (La.App. 2d Cir.1992), writ denied, 610 So.2d 797 (La.1993). The defendant was represented at trial by the indigent defenders' office and on appeal by the Louisiana Appellate Project, thus we may conclude that he was and is indigent. Considering the defendant's indigency, we find that the sentence in lieu of payment of court costs was illegal, and we amend the sentence to delete that portion providing for the additional day.

CONCLUSION
For the reasons expressed, the defendant's conviction is affirmed. His life sentence is also affirmed with the amendment deleting the additional day in default of the payment of court costs.
AFFIRMED AS AMENDED.