ARMSTRONG, Judge.
Defendant, William A. Powell, Jr., was charged by bill of information with attempted aggravated rape, a violation of La.R.S. 14:27 and R.S. 14:42. Following a trial by jury defendant was found guilty as charged. He was subsequently sentenced to serve thirty-five years at hard labor— with credit for time served — without benefit of parole, probation, or suspension of sentence. Defendant now appeals.
FACTS
On the night of September 12, 1987, the victim was in the New Orleans warehouse district, attending a birthday party at a local bar. At some point she and her ex-boyfriend left the party and went to sit in a parked car to talk. Shortly thereafter, defendant, who was parked nearby, got out of his car, a maroon Dodge Daytona, and approached the couple. He identified himself as a federal drug enforcement agent, and showed them an identification badge of some sort. He asked the two for some identification and the registration papers for the car in which they were sitting. He then indicated that he would like to talk to each of them separately in his car.
The victim’s ex-boyfriend got into the car with defendant first. Defendant asked the friend numerous questions such as his name and place of employment. During the questioning defendant wrote notes on a clipboard. He then told the ex-boyfriend to get the victim so that he could interview her. Once the victim got into the car with him, defendant drove off and took her to an abandoned parking lot. Upon arrival the victim attempted to jump out of the car and run away, but defendant grabbed her by the throat and threw her back inside the car. She said defendant then raped her at knifepoint, telling her he planned to kill her. Defendant finally drove the victim back to the warehouse district and pushed her out of the car. She then walked back to the bar and reported the rape.
The defendant’s car was located in Marrero several days after the incident. The victim subsequently identified the defendant in a photographic lineup presented to her by police, and a warrant was subsequently issued for his arrest. Police went to defendant’s residence armed with the arrest warrant, and a search warrant for his car, but no search warrant for his residence. Defendant was arrested when he stepped out of his residence. He was clad only in shorts and a baseball cap, and requested that he be allowed to step inside to *92 get some clothes. He was informed that he would not be allowed to go back inside alone, so he agreed to have an officer accompany him. As the officer walked through the residence with the defendant he spied a pair of sunglasses in the living room, and a clipboard in the bedroom. These were seized as evidence, as well as the baseball cap defendant was wearing.
Following defendant’s trial and conviction for attempted aggravated rape, the trial court imposed a sentence of thirty-five years at hard labor without benefit of probation, parole, or suspension of sentence. Although La.R.S. 14:42 provides that a person convicted of aggravated rape shall serve his mandatory life sentence without benefit of probation, parole, or suspension of sentence, La.R.S. 14:27(D)(1) only provides that a person convicted of an attempt to commit a crime punishable by life imprisonment shall be imprisoned for not more than fifty years. Since it does not specifically deny these benefits for persons convicted of attempted offenses, La.R.S. 14:27 has been interpreted as allowing probation, parole, or suspension of sentence. State v. Green, 391 So.2d 833 (La.1980); State v. Monroe, 508 So.2d 910 (La.App. 4th Cir.1987). Therefore, we will amend defendant’s sentence to delete that portion providing that the sentence be served without benefit of probation, parole, or suspension of sentence.[1]
ASSIGNMENT OF ERROR NO. 1
By his first assigment of error defendant contends that the trial court erred in denying his motion to suppress the evidence seized from his residence at the time he was arrested. Defendant was arrested with a warrant after he answered his front door. The arresting officer advised him of his rights. Because defendant was under arrest, officers refused to allow him to go back inside of his residence alone to get some clothes to put on. Faced with going to jail wearing only shorts, defendant agreed to let an officer accompany him.
As they walked through the living room to the bedroom, the officer saw the pair of sunglasses which appeared similar to those the victim said her assailant had been wearing at the time of the crime. The officer seized the sunglasses. In the bedroom the officer saw a clipboard, an item the victim’s ex-boyfriend said the defendant had used to write on as he impersonated a law enforcement officer. The officer confiscated the clipboard also. He also confiscated the baseball cap the defendant was wearing when he answered his front door because it matched the description given by the victim of the cap worn by her assailant. The trial court later denied defendant’s motion to suppress these three items of evidence.
Defendant contends that the trial court erred in failing to suppress this evidence because it was seized without a warrant in violation of his rights under the Fourth Amendment to the U.S. Constitution and Article 1, Section 5, of the Louisiana Constitution of 1974. In his brief on appeal defendant seems to imply that the only exception to the warrant which may apply is the “search incidental to lawful arrest” exception. But he says, that exception cannot apply because the items seized were not within the area within defendant’s immediate control.
The State, on the other hand, argues that the items were lawfully seized without a search warrant because they were in “plain view.”
There are three conditions which must be present in order for the plain view exception to the search warrant requirement to apply. (1) There must be a prior justification for the police officer’s intrusion into a protected area, (2) the evidence must be inadvertently discovered, and (3) it must be immediately apparent without close inspection that the items are evidence or contraband. State v. Banks, 363 So.2d 491 (La.1978); State v. Junegain, 478 So.2d 542 (La.App. 4th Cir.1985).
The facts of the instant case are remarkably similar to those in the case of State v. Stott, 395 So.2d 714 (La.1981). In Stott, an arrest warrant was issued for the defendant who had committed a simple burglary *93 of a pharmacy. The officers assigned to arrest the defendant were given a list of items stolen in the burglary. At his residence, the defendant answered the door partially clothed. He requested that he be allowed to go back inside his residence to get some clothes to wear. The officers agreed, and one of them followed the defendant into his bedroom, where the officer observed in plain view items which were identifiable as some of those taken in the burglary.
The trial court in Stott denied the defendant’s motion to suppress this evidence seized from his residence. On appeal, the Louisiana Supreme Court dismissed the defendant’s argument that the seizure of the evidence did not fall under the plain view exception to the warrant requirement. Referring to the conditions set out in State v. Banks, supra, the court stated:
“The facts of this case clearly bring it within the exception. [The officer] was lawfully on the premises, the discovery of the evidence was clearly inadvertent, and the record shows that the items were identifiable as being connected with the burglary.”
In the instant case the seizure of the evidence clearly falls within the plain view exception to the warrant requirement. The officers were at defendant’s residence to arrest him while armed with an arrest warrant. Defendant acquiesced to the officer’s accompanying him back inside his residence. While lawfully in the defendant’s residence the officer inadvertently discovered items which, based upon descriptions given by the victim, were immediately recognized as evidence, i.e., items worn or used by defendant during his commission of the alleged crime. Accordingly, the trial court correctly denied defendant’s motion to suppress the evidence.
ASSIGNMENT OF ERROR NO. 2
Defendant next argues that his sentence is unconstitutionally excessive. Defendant was convicted of attempted aggravated rape and was sentenced to serve thirty-five years at hard labor under La.R.S. 14:42 and R.S. 14:27. Under the applicable statutes defendant could have been sentenced to serve fifty years at hard labor. His sentence was fifteen years less than the maximum possible sentence.[2]
If a sentence falls within the permissible punishment provided under the statute, as it does in the instant case, it may still violate Article I, Section 20 of the Louisiana Constitution of 1974 which prohibits “cruel, excessive or unusual punishment.” State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984).
A constitutionally excessive sentence is one that is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
To determine if a sentence is unconstitutionally excessive, an appellate court must review the reasons given by the trial court for imposing a particular sentence. State v. Davis, 449 So.2d 452 (La.1984). The trial court’s sentencing decision must be based upon the criteria set forth in La.C.Cr.P. art. 894.1, which requires that the court specify the factors it has considered in imposing a particular sentence.
“While the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant.” State v. Guiden, 399 So.2d 194, 200 (La. *94 1981), certiorari denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In accordance with La.C.Cr.P. art. 894.1 guidelines, the sentencing record should reflect that the trial court considered the personal history and past criminal record of the defendant, as well as the seriousness of the crime for which he is being sentenced. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
A review of the sentencing transcript reveals the trial court adequately complied with the dictates of La.C.Cr.P. art. 894.1 in sentencing defendant. To facilitate the sentencing process the trial court ordered a pre-sentence investigation report. He also ordered that both defendant and the victim undergo psychiatric evaluations. At the sentencing hearing, the trial court referred to the pre-sentence investigation report and the defendant’s prior criminal record summarized therein. The court noted that the defendant had no prior juvenile record and had only been arrested once for obscenity, and that charge was dropped. The trial court referred to the defendant’s psychiatric report, which indicated that he did not suffer from any psychiatric illnesses, except that he was then currently depressed. The trial court noted the circumstances of the crime, specifically that defendant had held a large hunting knife over the victim and flicked her chest with it as he assaulted her. Reference was also made to the victim’s psychiatric evaluation, where it was noted that since the attack she had been experiencing recurrent nightmares, had lost her job, and had broken off her engagement.
If there is compliance with the requirements of La.C.Cr.P. art. 894.1, the sentence imposed will not be found to be excessive in the absence of an abuse of the trial court’s wide sentencing discretion. State v. Quebedeaux, supra.
In determining whether the trial court abused its discretion it is appropriate to compare the sentence imposed with sentences imposed in other cases involving similar circumstances. State v. Brogdon, supra.
In State v. Watson, 484 So.2d 870 (La.App. 1st Cir.1986), writ denied, 488 So.2d 1018 (La.1986), the appellate court affirmed the imposition of the maximum fifty year sentence on an eighteen year old defendant found guilty of the attempted aggravated rape of a fifteen year old girl. The defendant, a first felony offender, like the defendant in the instant case, had grabbed and taken the girl from the grounds of her school, carried her down a flight of stairs, threatened her with a wine bottle, and attempted to rape her. The court noted that the victim suffered extreme mental anguish even though her physical injuries were slight, and had screamed and pled with the defendant to stop throughout the ten minute assault.
The facts of this case warrant the imposition of a thirty-five year sentence, which again, is fifteen years less than the maximum sentence which could have been imposed under La.R.S. 14:27 and R.S. 14:42. Defendant attempted to rape the victim by holding a large hunting knife to her throat and threatening to kill her as he assaulted her. Defendant improperly characterizes the victim’s injuries as “minor.” While the victim’s physical injuries may have been slight, her psychological injuries, based upon the psychiatric report summarized by the trial court at the sentencing hearing, were significant. Accordingly, the trial court did not err in imposing a thirty-five year sentence.
For the foregoing reasons, we affirm defendant’s conviction. We amend his sentence to delete that portion which provides that it be served without benefit of parole, probation, or suspension of sentence. We affirm defendant’s sentence in all other respects.
CONVICTION AFFIRMED; SENTENCE AMENDED, AFFIRMED AS AMENDED.

. Defendant raises this issue as his assignment of error number three.

. La.R.S. 14:42 provides in pertinent part:
"C. whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”
La.R.S. 14:27 provides in pertinent part:
“D. Whoever attempts to commit any crime shall be punished as follows:
"(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years; ...”