607 So.2d 817 (1992)
STATE of Louisiana
v.
David J. BENEDICT.
No. KA 911405.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
*819 Richard Ward, Jr., Dist. Atty. and Michael E. Parks, Asst. Dist. Atty., New Roads, for State-appellee.
C. Jerome D'Aquila, Public Defender and Thomas A. Nelson, Asst. Public Defender, New Roads, for defendant-appellant.
Before LOTTINGER, C.J., and FOIL, J., and GROVER L. COVINGTON, J. Pro Tem.[1]
GROVER L. COVINGTON, Judge Pro Tem.
David J. Benedict was charged by bill of information with attempted aggravated rape, a violation of La.R.S. 14:27 and 14:42. He pled not guilty and, after trial by jury, was convicted as charged. He filed a motion for post verdict judgment of acquittal or alternatively for a new trial or for a verdict of a lesser and included responsive offense. The court denied the motion and sentenced defendant to serve a term of fifty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant has appealed, urging five assignments of error. Assignment number three (denial of mistrial) was not briefed on appeal and, therefore, is considered abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
On the evening of October 7, 1990, the victim was in bed watching television at her home in Pointe Coupee Parish when she observed defendant standing naked in her bedroom. She recognized him as being one of the workers who was in her home that day. He jumped upon the victim, straddled her, and pinned her beneath the blanket. Then he punched her in the face and chest and tried to hold her mouth to keep her from screaming. Resisting, the victim scratched and bit her assailant and struggled to free herself. Benedict persisted. He continued to beat the victim and pulled at her nightclothes in the chest area. Hearing her mother's screams, the victim's teenage daughter came into the room. When the daughter screamed and ran back to her room, defendant grabbed the victim by the hair and dragged her toward her daughter's room. After a frantic struggle, the victim finally was able to escape from defendant and run next door for help. The victim's daughter struck defendant over the head with a vase, and he finally left the residence.
When deputies from the Sheriff's Office arrived, Detective L.J. David found a kitchen knife on the victim's bed. The victim had not seen the knife during the struggle, and she indicated that it did not belong to her. Detective David also seized various items of male clothing found on the floor in the victim's den. After securing defendant's name, Detective David arrested him. In oral statements given after his arrest, defendant indicated that he broke into the victim's home in order to steal her television. He then decided to have sex with her. He told the detective he carried the knife in his mouth until it fell out when he was putting his hands over the victim's mouth to make her quiet.

INTRODUCTION OF KNIFE AND ORAL STATEMENTS
In the first assignment of error, defendant argues the court erred when it overruled defendant's separate objections to introduction of the knife and defendant's oral statements. Specifically, defendant contends the knife was inadmissible because the state did not mention it during the *820 opening statement. Defendant maintains the oral statements were inadmissible because the state did not mention the existence of the oral statements in the state's pretrial notice of intention to introduce statements.
La.C.Cr.P. art. 766 requires the state to "explain the nature of the charge, and set forth, in general terms, the nature of the evidence" in its opening statement. Article 769 further provides that "[e]vidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence." However, it is not necessary that the state detail every shred of evidence in an opening statement. State v. Edwards, 406 So.2d 1331, 1350 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982).
Unless the defendant has been granted pretrial discovery, the state also is required to advise a defendant in writing prior to the beginning of the state's opening statement if it intends to introduce a confession or inculpatory statement into evidence. If notice is not given, a confession or inculpatory statement is not admissible. La.C.Cr.P. art. 768; State v. Robinson, 563 So.2d 477, 483 (La.App. 1st Cir.), writ denied, 567 So.2d 1122 (La.1990). One of the purposes of the statutory scheme contained in articles 766-769, relative to opening statements and notice to the defendant prior to the opening statement, is to prevent surprise and to allow adequate time for preparation of the defense. See State v. Parker, 436 So.2d 495, 499 (La.1983).
In the instant case, during the opening statement the prosecutor did not mention the seizure of a weapon or indicate that a weapon was used in connection with the rape attempt. If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court has discretion to admit the evidence if it finds that the defendant was not taken by surprise or prejudiced in the preparation of the defense. La.C.Cr.P. art. 769. However, from the trial court's ruling in this case, it is not evident that the court considered the state's failure to mention the use of a weapon to be inadvertent and in good faith.
Nevertheless, any error which might have occurred from the state's failure to mention the knife in its opening statement was not reversible. Prior to defendant's objection to introduction of the knife, both the victim and Detective David had described the seizure of the knife without objection on this ground by defendant. Furthermore, the bill of information mentions that defendant was armed with a knife and the bill was read by the clerk before the opening statements. Additionally, both the victim and Detective David testified about the knife at the preliminary examination which was held months before the trial. Thus, defendant was not prejudiced by introduction of the knife.
We also reject defendant's complaint concerning introduction of the oral statements. After hearing arguments of counsel, the court concluded that defendant had been informed of the existence of the oral statements during pretrial discovery and, thus, was not entitled to additional pretrial notice. See La.C.Cr.P. art. 768. Because the discovery granted to defendant was "open file," we are unable to review this conclusion of the trial court. See State v. Scoby, 536 So.2d 615, 620 (La.App. 1st Cir.1988), writ denied, 540 So.2d 339 (La.1989).
However, we conclude that defendant was not prejudiced by introduction of those statements. See Parker, 436 So.2d at 499. After making oral statements to the authorities upon his arrest, defendant later prepared a written statement which contained more details than the oral statements. A copy of the written statement was attached to the state's notice of intent to introduce inculpatory statements. As a result, the substance of the oral statements was provided to defendant in advance of the trial. Although the state, for unrelated reasons, ultimately was not allowed to introduce the written statement, the defendant nevertheless suffered no prejudice from admission of the oral statements because he had received adequate notice to allow preparation of his defense. Additionally, *821 testimony at the preliminary examination informed defendant of the existence and substance of the oral statements.
The assignment of error is without merit.

VERDICT CHOICES
In assignment of error number two, defendant asserts the trial court erred when it listed attempted aggravated rape as one of the possible verdicts. Defendant claims the bill of information actually charged defendant with attempted forcible rape.
The bill of information charged that defendant "did unlawfully attempt to violate the provisions of R.S. 14:42 by attempting to forcibly have sexual intercourse with complainant while armed with a knife and punching complainant about the body with his fists without the lawful consent of complainant or victim." Near the bottom of the bill, the offense is labeled as being "attempted aggravated rape."
At the conclusion of the testimony, the court allowed the attorneys to view a written copy of the proposed jury instructions and the verdict form. After reviewing the verdict form, defendant objected to the inclusion of attempted aggravated rape as one of the possible verdicts. He argued that the bill charged him only with attempted forcible rape. He also stated that he was not moving to quash the bill of information. Finding that the bill was sufficient to charge defendant with attempted aggravated rape, the trial court overruled the objection.
The trial court is required to charge the jury on all appropriate responsive verdicts and to include these verdict possibilities on the written list given to the jury for use during deliberations. See La.C.Cr.P. arts. 803 & 809. Although defendant phrases the assignment in terms of the verdicts used, the real issue present in this assignment is whether or not the bill of information sufficiently charged defendant with attempted aggravated rape. The Code of Criminal Procedure authorizes the use of a short indictment form for the offense of attempted aggravated rape: "A.B. attempted to ... commit ... aggravated rape upon C.D." La.C.Cr.P. art. 465(A)(7) & (39). In this case, the state did not use this short form. Defendant claims the form used on the bill was inadequate to charge him with attempted aggravated rape and, thus, the court erred when it included attempted aggravated rape in the list of possible verdicts.
Article I, Section 13, of the Louisiana Constitution provides that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him. Under this mandate, the bill of information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." La.C.Cr.P. art. 464. See also State v. Authement, 532 So.2d 869, 872 (La.App. 1st Cir.1988). It must contain all the elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted upon the trial, to impose the correct punishment on a verdict of guilty, and to afford the defendant protection from subsequent prosecution for the same offense. State v. Comeaux, 408 So.2d 1099, 1106 (La.1981).
Omission of essential facts from an indictment or bill of information is not necessarily prejudicial error because such facts can be given through responses in a bill of particulars. Authement, 532 So.2d at 873. A defendant cannot complain of the insufficiency of an indictment or bill of information after verdict unless it is so defective that it does not set forth an identifiable offense against the laws of this state and inform the defendant of the statutory basis of the offense. State v. Robicheaux, 412 So.2d 1313, 1321 (La.1982).
When counsel argued this issue before the trial court, he focused upon the use of the word "forcibly" in the bill of information as being an indication that the bill charged defendant with attempted forcible rape. (R. 203) However, as the prosecutor stated, force is an element of both forcible rape and the sections of the aggravated rape statute applicable in this case. After reviewing the record, we find that *822 defendant was not prejudiced by any technical deficiencies in the bill of information. The bill correctly cites the statutory provision for aggravated rape and the offense is designated on the bill as being "attempted aggravated rape." After the clerk read the bill of information to the jury, the trial court referred to the crime as being attempted aggravated rape. Defendant did not request a bill of particulars; and he did not move to quash the bill of information. Thus, the trial court appropriately included attempted aggravated rape in the list of possible verdicts.
The assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE
In assignment of error number four, defendant argues the evidence was insufficient. He claims he merely struck the victim and, thus, the state's evidence of a rape attempt was insufficient. He also contends that, because the victim did not know defendant was armed until after the police arrived, the evidence of attempted aggravated rape was insufficient.
In reviewing claims challenging the sufficiency of the evidence, this Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). See also La.C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988).
The applicable provisions of the aggravated rape statute, La.R.S. 14:42, are as follows:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
* * * * * *
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
An attempt is defined in La.R.S. 14:27 as follows:
(A) Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
La.R.S. 14:27.
Thus, in this case the state was required to establish that defendant actively desired to rape the victim either by overcoming her utmost resistance by force or by preventing her from resisting the act by being armed with a dangerous weapon. See State v. Parish, 405 So.2d 1080, 1086 (La.1981) (on rehearing).
On appeal, defendant argues that, because he never made any attempt to remove the bed covers or to reach for the victim's clothing in either the chest or genital areas, the state did not prove he attempted to "rape" the victim. This argument ignores the testimony of the victim in which she stated that defendant attempted to rip her nightshirt in the chest area. Furthermore, defendant was naked when he straddled the victim and pinned her down in her bed. After his arrest, he told Det. David that he had decided to have sex with the victim after breaking in to steal the television. We conclude the state adequately proved that an attempted rape occurred.
Defendant also argues that, because the victim did not know defendant was armed until after the offense, the verdict of attempted "aggravated" rape was not supported by the evidence. Because defendant was charged with attempted aggravated rape, it was not necessary for the state to prove the crime was completed. See La.R.S. 14:27(A). Under the circumstances of this case, it is evident that defendant intended to use the knife for the specific purpose of preventing the victim *823 from resisting the rape. See La.R.S. 14:42(A)(3). That he was unable to accomplish his purpose is immaterial.
Furthermore, the facts of the instant case also support a conviction under La.R.S. 14:42(A)(1). Defendant exerted great force and abandoned the rape attempt only after encountering strenuous resistance from both the victim and her daughter. Thus, the evidence established that he specifically intended to overcome the victim's utmost resistance by force. See Parish, 405 So.2d at 1086.
The assignment of error is without merit.

EXCESSIVE SENTENCE
In the last assignment of error, defendant asserts the trial court exceeded its statutory authority when it imposed the sentence to be served without benefit of parole, probation, or suspension of sentence. Defendant does not contend that the length of the sentence is excessive.
Although La.R.S. 14:42 provides that a person convicted of aggravated rape shall serve the mandatory life sentence without benefit of parole, probation, or suspension of sentence, La.R.S. 14:27(D)(1) only provides that a person convicted of an attempt to commit a crime punishable by life imprisonment shall be imprisoned for not more than fifty years. Thus, the denial of parole eligibility on defendant's sentence for attempted aggravated rape is unlawful. See State v. Green, 391 So.2d 833 (La. 1980); State v. Powell, 566 So.2d 90, 92 (La.App. 4th Cir.), writ denied, 571 So.2d 648 (La.1990).
After reviewing the record for patent error, we have discovered an additional patent sentencing error caused by the trial court's failure to give defendant credit for time served. See La.C.Cr.P. art. 880. Accordingly, we amend defendant's sentence to delete that portion providing that the sentence be served without benefit of parole, probation, or suspension of sentence and to reflect that defendant is to be given credit for time served prior to execution of his sentence. See La.C.Cr.P. art. 882(A). See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. Because the trial court sentenced defendant to the maximum possible period of imprisonment, it is not necessary for us to remand for resentencing after removing the parole prohibition. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing accordingly.
In addition to the counselled brief, appellant filed a late one pro se. We did not consider it. At the trial level a criminal defendant does not have the right to be both represented and representative. The same applies at the appellate level.
For the foregoing reasons, defendant's conviction and sentence are affirmed as amended and remanded with order.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED WITH ORDER.
NOTES
[1] Judge Grover L. Covington, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.