Judgment rendered March 8, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,887-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                     Appellee

Versus

JAMES R. SUSAN                         Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 43713

Honorable Anastasia Stacy Wiley, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

RICHARD CHRISTOPHER NEVILS           Counsel for Appellee
District Attorney

STEVEN D. CREWS
COLE B. SMITH
Assistant District Attorneys

* * * * *

Before STONE, STEPHENS, and THOMPSON, JJ.

THOMPSON, J., concurring in part and dissenting in part with written reasons.

**STEPHENS, J.**

This criminal appeal arises out of the 8th Judicial District Court, Parish of Winn, State of Louisiana, the Honorable Anastasia Wiley, Judge, presiding. Defendant, James R. Susan, was convicted by a unanimous jury of three counts of molestation of a juvenile, violations of La. R.S. 14:81.2. He was sentenced pursuant to La. R.S. 14:81.2(D)(1) to 30 years' imprisonment at hard labor without the possibility of probation, parole, or suspension of sentence for 25 years on each count, with the sentences to be served consecutively, for a total sentence of 90 years. Susan has appealed his convictions and sentences, urging insufficiency of the evidence, deficiencies in the bill of information, and excessiveness of sentence. For the reasons set forth below, we affirm Susan's convictions, but vacate the sentences and remand for resentencing.

## FACTS/PROCEDURAL BACKGROUND

On January 17, 2016, the Winn Parish Sheriff's Office responded to a 911 call of a potential suicide and medical issue at the home of Sherri McDaniel in Dodson, Louisiana. Deputy Jeremy Underwood learned from Ms. McDaniel that the defendant, James R. Susan, had cut his wrist. Ms. McDaniel had left Susan in charge of her three grandchildren. Susan, however, did not take care of the children. In an incriminating text message to Ms. McDaniel, Susan related that he had smoked meth and that, "I f*cked up you know and know you got the truth." His initial claim of amnesia was belied by a text message stating he "put it together and it happened just like [one of the victims] said."

According to then 7-year-old H.C.'s statement to the Rapides Center for Child Advocacy ("RCAC"), after Ms. McDaniel left, Susan covered up

with H.C. on the couch, pulled his pants down, and forced H.C. to put his hand on Susan's penis. H.C. stated that Susan had done the same thing to his cousin A.P. and his sister P.C. On another occasion, Susan went into H.C.'s bedroom, stood over H.C.'s bed with his penis sticking out, and tried to get H.C. to touch it.

The statement 6-year-old P.C. gave to the RCAC corroborated the history given by her brother H.C. According to P.C., Susan grabbed her and A.P., took them to the couch and made them touch his penis before giving them candy. Susan also watched pornography in the presence of the children, or, as described by P.C., "[w]e saw a boy and a girl keep going up and down." P.C. also saw "milk" coming out of the "hole" in Susan's penis.

A.P., Susan's youngest victim at age 5, stated that while "Nanna" McDaniel was gone, Susan unzipped his pants, put her hand on his penis, and, "I jerked it." Susan promised A.P. he would give her a cupcake if she did not tell her Nanna. A.P. said she was sad when "[h]e was holding his hand and then I jerked it away and then after that…James was happy because he liked that and I did not and I feel bad." A.P. was also forced to watch pornography with Susan.

The State played the video statements of each victim at trial and provided transcripts for the jurors to review while viewing the statements. The State then called each victim to confirm the truth of the statements, provide their birthdates, and identify Susan as the person who molested them. All three victims were subject to cross-examination as to any perceived discrepancies in their statements.

The text messages sent by Susan to Ms. McDaniel were also entered into evidence, and Dy. Underwood confirmed Susan's date of birth to be

2

January 3, 1989, establishing that he was over 17 years of age and more than two years older than his young victims at the time of the offenses.

On March 28, 2016, the State of Louisiana through the Winn Parish District Attorney charged Susan with three counts of molestation of a juvenile, violations of La. R.S. 14:81.2. Specifically, the bill of information (R. pp. 21-22) alleged that:

> Count 1: On or about 01/02/2016, in the Parish of Winn, JAMES R SUSAN committed the offense of R.S. 14:81.2 MOLESTATION OF JUVENILE, by the commission of a lewd and lascivious act with and upon a minor child under the age of 17, there being an age difference of greater than 2 years between the defendant and the juvenile, with the intent of arousing the sexual desires of either party by the use of influence by virtue of defendant's care, custody, control and supervision of the juvenile.
>
> Count 2: On or about 01/02/2016, in the Parish of Winn, JAMES R SUSAN committed the offense of R.S. 14:81.2 MOLESTATION OF JUVENILE, by the commission of a lewd and lascivious act with and upon a minor child under the age of 17, there being an age difference of greater than 2 years between the defendant and the juvenile, with the intent of arousing the sexual desires of either party by the use of influence by virtue of defendant's care, custody, control and supervision of the juvenile.
>
> Count 3: On or about 10/01/2015 to 12/31/2015, in the Parish of Winn, JAMES R SUSAN committed the offense of R.S. 14:81.2 MOLESTATION OF JUVENILE, by the commission of a lewd and lascivious act with and upon a minor child under the age of 17, there being an age difference of greater than 2 years between the defendant and the juvenile, with the intent of arousing the sexual desires of either party by the use of influence by virtue of defendant's care, custody, control and supervision of the juvenile.

On April 20, 2016, after waiving formal arraignment, Susan entered a plea of not guilty. On that date, the State provided discovery to Susan, which included transcripts of the children's interviews given to the RCAC. An application for a bill of particulars was filed by defense counsel on April 22, 2016; there is no response by the State, or at least none was filed into the

record. A preliminary examination was held on January 23, 2019. The investigating officer testified at the hearing that the children were aged seven, six, and five when Susan, an adult at the time, committed the instant offenses.

Prior to trial, on April 23, 2021, the State filed an amended bill of information, merely to change the dates of the alleged molestations. Jury selection took place on May 17-18, 2021. On May 19, 2021, defense counsel filed a motion to quash the bill of information, arguing that it failed to allege that Susan was over 17 years of age, failed to name any alleged victim, and failed to state any alleged victim's age. Counsel also asserted that the grade of the offense, molestation of a juvenile, was defined by the age of the victim, and as the bill of information read, the applicable penalty provision corresponded to children under the age of 17. Although the trial court stated that it would allow the State to amend the bill of information before the jury was sworn in, the prosecuting attorney took the position that the defendant was aware of the allegations and was not prejudiced, so no amendment was necessary.

The trial then began, and on May 20, 2021, at 10:40 a.m., after both the State and defense had presented their cases, the State actually amended the bill of information by handwriting each victim's initials beside the count pertaining to him or her. Defense counsel filed a motion for mistrial, which the trial court denied. The jury returned a unanimous verdict of guilty on all counts on May 20, 2021.

On June 23, 2021, pursuant to La. R.S. 14:81.2(D)(1), Susan was sentenced to 30 years' imprisonment at hard labor without the possibility of probation, parole, or suspension of sentence for 25 years on each count, with

4

the sentences to be served consecutively, for a total sentence of 90 years. A motion to reconsider sentence was filed on July 20, 2021. In the motion, in addition to arguing excessiveness, defense counsel reiterated the objections raised pretrial by his motion to quash, i.e., that the age of the victims alleged by the State in the bill of information was under the age of 17 years old and therefore sentencing Susan for a crime committed against a victim under the age of 13 years old (subsection (D)(1) of La. R.S. 14:81.2 as opposed to subsection (B)(2) of La. R.S. 14:81.2) was improper. This motion was denied after a hearing on September 15, 2021. This appeal ensued.

## DISCUSSION

### *Sufficiency of the Evidence*

According to Susan, the recorded statements of the victims contained serious inconsistencies that prevented the State from proving beyond a reasonable doubt that Susan molested H.C., A.P., and/or P.C. Specifically, P.C.'s repeated allegations that she did not touch Susan's penis prevented the State from proving beyond a reasonable doubt that Susan molested her.

In their recorded statements, H.C. and A.P. stated that Susan made H.C., A.P., and P.C. touch Susan's "private" or "penis" on multiple occasions. In her statement, however, urges appellate counsel, P.C. repeatedly denied ever touching Susan's penis. Also, P.C. and A.P. each claim that she was told by the other about Susan ejaculating. These contradictions make the evidence insufficient to support any of Susan's convictions for molestation of the three victims, according to appellate counsel, notwithstanding the incriminating texts sent by Susan.

5

On the other hand, if this Court finds that the evidence is sufficient to support Susan's convictions regarding H.C. and A.P., Susan urges that the evidence is insufficient to support his conviction for molestation of P.C.

The State rebuts Susan's sufficiency argument, noting that with the children's RCAC statements and testimony at trial, as well as Susan's own inculpatory statements, it proved beyond a reasonable doubt that Susan molested the three children in his care. As for the discrepancies in the victims' statements, the jury attributed them to the young ages of the victims, not as a problem with their credibility.

According to the State, Susan basically concedes that there was sufficient evidence to convict him, but instead maintains that the discrepancies in the victims' RCAC statements outweigh evidence establishing his guilt. The jury was informed of the alleged inconsistencies in the statements given to the RCAC but still found Susan guilty of three counts of molestation of a juvenile.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517.

6

In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Coffey*, 54,729 La. App. 2 Cir. 9/21/22), 349 So. 3d 647, *writ denied*, 22-01574 (La. 12/20/22), 352 So. 3d 89; *State v. Wilson*, 50,418 (La. App. 2 Cir. 4/6/16), 189 So. 3d 513, *writ denied*, 16-0793 (La. 4/13/17), 218 So. 3d 629. Likewise, the sole testimony of a sexual assault victim is sufficient to support a requisite factual finding. *Id.* Such testimony is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. *Id.*

The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. *State v. Higgins*, 03-1980, p. 17 (La. 4/1/05), 898 So. 2d 1219, 1232, *cert. denied*, 546 U.S. 883, 126 S. Ct. 182, 163 L. Ed. 2d 187 (2005). When there is conflicting evidence about factual matters, the resolution of which depends on a determination of the credibility of witnesses, the matter is one of the weight, not the sufficiency, of the evidence. *Tibbs v. Florida*, 457 U.S. 31, 46, 102 S. Ct. 2211, 2220-21, 72 L. Ed. 2d 652 (1982); *State v. Reed*, 14-1980 (La. 9/7/16), 200 So. 3d 291. In the instant case, any inconsistencies in the young victims' statements were considered by the jury and decided unfavorably to the defendant, in light of the other evidence presented at trial, such as Susan's text messages with the children's grandmother. As noted above, credibility determinations are matters of weight not sufficiency and as such, do not cause the evidence to be insufficient to convict. This assignment of error is without merit.

*Defect in Bill of Information*

Susan urges that the bill of information, as it read when the trial commenced, was substantially defective because it failed to provide the name of any alleged victim and did not provide any alleged victim's age or date of birth. A related, but somewhat separate argument is that the bill of information failed to comply with *Apprendi*. Appellate counsel urges that the trial court erred in denying Susan's motion to quash and in denying his motion for mistrial. Counsel urges this Court to reverse Susan's convictions, vacate his sentences, and remand the matter for further proceedings.

According to the State, because Susan had actual knowledge of the children's names and ages "for years" before his trial, he suffered zero prejudice from the State's failure to include their initials or dates of birth in the bill of information. The State contends that it was precluded by law from disclosing the identities of the three child victims. *See*, La. R.S. 46:1844. Thus, it could not list their names or dates of birth in the charging documents. Susan was provided with this information in discovery and during the preliminary examination.

The Louisiana Constitution of 1974 provides that an accused shall be informed of the nature and cause of the accusation against him. La. Const. art. 1, § 13. This requirement is implemented, although not exclusively, by indictment or information. *State v. Gainey*, 376 So. 2d 1240 (La. 1979); *State v. Ellis*, 33,740 (La. App. 2 Cir. 8/18/04), 880 So. 2d 214; *State v. Free*, 26,267 (La. App. 2 Cir. 9/21/94), 643 So. 2d 767. La. C. Cr. P. art. 464 provides in part that an indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged, as

well as an official or customary citation of the statute the defendant is alleged to have violated. La. C. Cr. P. art. 463 sets forth that a bill of information must set forth an identifiable offense and inform defendant of the statutory basis of the offense. Article 463 further provides that the particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.

If the indictment or bill of information sufficiently identifies the conduct charged and the statute violated, a motion to quash will not be sustained. *State v. Gainey*, *supra* at 1242. The detailed facts constituting the offense can be given to defendant by answers to a bill of particulars. *State v. Fellows*, 52,744 (La. App. 2 Cir. 6/26/19), 277 So. 3d 867; *State v. Robinson*, 47,427 (La. App. 2 Cir. 10/3/12), 105 So. 3d 751. Also, the Louisiana Supreme Court has found the granting of open file discovery to the defense to be "significant in resolving whether or not defendant was prejudiced in preparation of his defense by an insufficient recitation of the essential facts constituting the offense charged." *State v. Pichler*, 355 So. 2d 1302, 1304 (La.1978); *State v. Bruce*, 11-991, p. 14 (La. App. 5 Cir. 10/30/12), 102 So. 3d 1029, 1038, fn. 4, *writ denied*, 12-2568 (La. 4/26/13), 112 So. 3d 839.

When the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known. La. C. Cr. P. art. 473. In order to protect minors and victims of sexual assault crimes, initials, abbreviations, or "other forms of indefinite descriptions" are to be used in lieu of the victim's name. La. R.S. 46:1844(W)(1)(a). If the name, address,

9

contact information, or identity of such crime victim must be disclosed in a motion or pleading, then the motion or pleading shall be filed and kept under seal with the court requesting it. La. R.S. 46:1844(W)(1)(b).

What it is troubling to this Court is the recalcitrance and outright refusal on the part of the State in this case to address in a timely manner the deficiencies presented by the bill of information. Susan's trial attorneys did everything the law allows in order to resolve this issue ***prior to trial***. An application for a bill of particulars was filed on April 22, 2016; there does not appear to be a response by the State in the record, although both parties correctly note that there was open file discovery, which, as noted above, has been held by Louisiana courts to be important in determining whether or not a defendant was prejudiced in preparing of his defense because of "an insufficient recitation of the essential facts constituting the offense charged." *State v. Pilcher*, *supra* at 1304.

Additionally, a motion to quash was filed right after jury selection. In this motion, defense counsel reiterated the State's failure to set forth the essential elements of the crime with which the defendant was charged. At the hearing, counsel emphasized that Susan was prejudiced by the State's failure to allege that the defendant was over 17 years of age, set forth the names of the victims, and state the victims' ages in the bill of information. Defense counsel pointed out that the grade of the offense of molestation of a juvenile is defined by the age of the children, and as the bill of information read ***at that time***, the applicable penalty provision was for children ***under the age of 17***. The trial judge offered to give the State a recess to "amend orally" the bill of information to further define the situation. The state's attorney's response was, "I'm ready to go. They're not prejudiced. They

10

know what the allegations are, how old the kids are and everything else. I'm ready."

In the instant case, our review of the pleadings and evidence introduced at the trial of this matter, together with the defendant's awareness of the charges against him by virtue of open file discovery, convinces this Court that he was not prejudiced in preparing his defense by surprise or lack of notice, and is protected against further prosecution for any offenses charged by the bill of information. Therefore, we affirm Susan's convictions of three counts of molestation of a juvenile.

Our inquiry does not end with our finding that the bill of information, as supplemented by the open file discovery provided by the State, was sufficient **to allow Susan to prepare for trial**. An indictment or bill of information is also intended to serve additional purposes, including to allow the court to impose the correct punishment on a verdict of guilty. *State v. Comeaux,* 408 So. 2d 1099, 1106 (La. 1981); *State v. Benedict*, 607 So. 2d 817, 821 (La. App. 1 Cir. 1992).

In *Apprendi v. New Jersey*, 530 U.S. 466, 491, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." The State must explicitly note in the bill of information that the enhanced sentence provision is applicable to a defendant, and the trial court must include a jury instruction reflecting the ages of the victim and defendant. *State v. Robinson*, 49,821 (La. App. 2 Cir. 5/20/15), 166 So. 3d 395, *writ denied*, 15-1400 (La. 9/16/16), 206 So. 3d 201; *State v. Gibson*, 09-486 (La. App. 5 Cir. 3/9/10), 38 So. 3d 373, *writ*

11

*denied*, 10-0802 (La. 11/5/10), 50 So. 3d 814.  Failure to submit a

sentencing factor to the jury is not a structural error and is subject to

harmless error analysis.  *Id.*

The statutory sentence range for molestation of a juvenile is

dependent on the age of the victim.  La. R.S. 14:81.2(B)(2) provides:

> Whoever commits the crime of molestation of a juvenile, ***when
> the victim is thirteen years of age or older but has not yet
> attained the age of seventeen***, and when the offender has
> control or supervision over the juvenile, ***shall be fined not
> more than ten thousand dollars, or imprisoned, with or
> without hard labor, for not less than five nor more than
> twenty years, or both***.  (Emphasis added).

La. R.S. 14:81.2(D)(1) provides:

> Whoever commits the crime of molestation of a juvenile ***when
> the victim is under the age of thirteen years shall be
> imprisoned at hard labor for not less than twenty-five years
> nor more than ninety-nine years***.  At least twenty-five years of
> the sentence imposed shall be served without benefit of
> probation, parole, or suspension of sentence.  (Emphasis
> added).

The amended bill read to the jury at the beginning of the trial, as

noted above, did not include the three young victims' initials, their ages, or

birthdates. In fact, the record shows that the bill of information was not

actually amended by the district attorney until after the judge read the jury

verdict form aloud to the jury and sent them out for deliberations.[1]  As

argued by the defendant, because the bill of information as read to the jury

before the trial began alleged that he committed molestation of a juvenile on

victims ***under the age of 17***, the bill failed to inform the jury that it had to

find that the alleged victims were ***under 13 years of age***, which is required

for application of the enhanced sentencing provision of La. R.S.

_____

[1] The amendment was only to add the victims' initials—their birthdates were
never added to the bill of information.

14:81.2(D)(1). The instructions read to the jury prior to deliberations did instruct them that they were required to find that the victims were under the age of 13 at the time of the commission of the offenses, ***but the verdict form did not include the jury's specific findings, only its ultimate verdicts on all three counts***, i.e., its choices respectively between the five options available for each count—guilty of molestation of a juvenile; guilty of attempted molestation of a juvenile; guilty of indecent behavior with a juvenile; guilty of attempted indecent behavior with a juvenile; and not guilty.

The reason the bill of information in this case failed to comply with *Apprendi*, however, was not because the defendant failed to timely raise the issue, but because the attorney for the state refused to amend the bill of information, despite having the opportunity to do so before the jury was sworn in. Under the facts and circumstances of this case, this is not harmless error, no matter that the jury ***may*** have otherwise been able to conclude the age of the victims from the evidence adduced at trial.

The trial court erred in sentencing Susan under La. R.S. 14:81.2(D)(1) in light of the *Apprendi* violation. We are constrained to vacate the defendant's sentences and remand the matter to the trial court for resentencing under La. R.S. 14:81.2(B)(2).

Based upon the above disposition, we do not reach Susan's assignment of error in which he attacks his sentence as excessive.

## CONCLUSION

For the reasons set forth above, the convictions of defendant, James Susan, are affirmed. We vacate the sentences imposed and remand for resentencing.

CONVICTIONS AFFIRMED; SENTENCES REVERSED; REMANDED.

13

**THOMPSON, J., concurring in part and dissenting in part.**

I write to respectfully dissent from the majority's decision to vacate Susan's sentences and remand with instructions to the trial court to sentence him under more lenient sentencing provisions. I concur in affirming Susan's convictions.

Regarding *Apprendi* considerations, the jury instructions **did include** clear statements regarding each of the victims being under the age of 13. The record includes the transcript of the jury instructions being read aloud to the jury immediately prior to deliberations. The jury found Susan guilty as charged, after being specifically instructed that it was required to find that the victims were under the age of 13. There is no evidence that Susan was prejudiced in preparation of his defense, as he was provided with information about the victims in discovery, during the preliminary examination, and during plea negotiations and at trial. I do not find that an *Apprendi* violation occurred in this matter, and as such, a harmless error analysis is appropriate. Accordingly, I would affirm Susan's sentences.

To avoid the risk of diluting on appeal future convictions and sentences on the same grounds asserted by Susan, the bill of information could contain from the outset the limited identifying information necessary (i.e., initials and date of birth) while still taking every possible safeguard to protect the identity of the victim. I respectfully dissent from the majority and would affirm each of the convictions and sentences of the defendant for molestation of each juvenile.